IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEBRASKA

GREGORY A. BILOFF,            )
                             )
          Petitioner,         )        4:11CV3008
                             )
     v.                       )
                             )
FRED BRITTEN, Warden,         )        MEMORANDUM OPINION
Tecumseh State Correctional   )
Institution,                  )
                             )
          Respondent.         )
_____)


     This matter is before the Court on respondent's Motion
for Summary Judgment (Filing No. 6).  In support of his motion,
respondent filed a Brief in support (Filing No. 8), a Reply Brief
(Filing No. 10), and relevant State Court Records (Filing No. 7).
Petitioner Gregory A. Biloff ("Biloff") filed an Affidavit in
opposition to the motion (Filing No. 9).  This matter is deemed
submitted, and, as set forth below, the Motion for Summary
Judgment will be granted.

## I.      BACKGROUND

     On July 26, 2005, the Lancaster County, Nebraska,
District Court found Biloff guilty of one count of first degree
sexual assault of a child (Filing No. 7-3, Attach. 3, at CM/ECF
p. 5).  Thereafter Biloff was sentenced to serve a prison term of
20-30 years on that conviction.  (*Id.* at CM/ECF p. 1.)  Biloff
filed a timely appeal, and the Nebraska Court of Appeals
summarily affirmed the conviction and sentence on February 27,

2006 (Filing No. 7-1, Attach. 1, at CM/ECF p. 2).  Biloff filed a
petition for further review with the Nebraska Supreme Court,
which denied Biloff relief on April 12, 2006.  (*Id.*)

Biloff filed a "Motion for Post-Conviction Relief" in
the Lancaster Douglas County District Court on September 9, 2008
(the "Post Conviction Motion") (Filing No. 7-4, Attach. 4, at
CM/ECF pp. 1-6).  The Lancaster County District Court denied the
Post Conviction Motion on January 3, 2009, and Biloff filed a
timely appeal of that decision.  (*Id.* at CM/ECF pp. 8-9.)  The
Nebraska Court of Appeals affirmed the denial of post conviction
relief in an opinion issued on December 1, 2009 (Filing No. 7-2,
Attach. 2, at CM/ECF p. 2).  Biloff filed a petition for further
review with the Nebraska Supreme Court, which was denied on
January 21, 2010.  (*Id.*)

Biloff filed his Petition for Writ of Habeas Corpus
(the "Petition") in this Court on January 20, 2011 (Filing No.
1).  Respondent filed his Motion for Summary Judgment, arguing
that Biloff's Petition is barred by the relevant statute of
limitations (Filing No. 6).  In opposition, Biloff argues that he
is entitled to equitable tolling (Filing No. 8).

## II.   ANALYSIS

### A.   Statute of Limitations

"The Antiterrorism and Effective Death Penalty Act of
1996 ("AEDPA"), 110 Stat. 1214, sets a one-year statute of

-2-

limitations for seeking federal habeas corpus relief from a state-court judgment." *Lawrence v. Florida*, 127 S. Ct. 1079, 1082 (2007) (citing 28 U.S.C. § 2244(d)(1)).  This one-year limitation period runs from the latest of the following dates:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).

However, "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." 28 U.S.C. § 2244(d)(2); *see also Riddle v. Kemna*,

-3-

523 F.3d 850, 852 (8th Cir. 2008) (indicating that a post-conviction case is pending, and the limitations period is tolled, from the filing of the post-conviction motion until the mandate issues). There is no indication in this case that the Petition was filed within one year of the dates specified in § 2244(d)(1)(B)-(D). The issue, therefore, is whether the Petition was filed within one year of "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A).

Here, the limitations period began to run on July 11, 2006, 90 days after April 12, 2006, the date on which Biloff's direct criminal appeal became final. *See, e.g.*, *Riddle*, 523 F.3d at 852 (reiterating that, where a petitioner seeks review from the state's "court of last resort," the one-year limitations period begins to run when the 90-day period for seeking a writ of certiorari in the United States Supreme Court expires); Sup. Ct. R. 13 ("The time to file a petition for a writ of certiorari runs from the date of entry of the judgment or order sought to be reviewed, and not from the issuance date of the mandate."). Biloff filed his Post Conviction Motion on September 9, 2008 (Filing No. 7-4, Attach. 4, at CM/ECF pp. 1-6). Thus, 791 days, or more than two years, passed between the conclusion of direct review and the filing of the Post Conviction Motion. As set

forth above, the limitations period was tolled from September 9, 2008, until the conclusion of Biloff's appeal relating to the Post Conviction Motion.

The limitations period began to run again on April 21, 2010, 90 days after the Nebraska Supreme Court denied Biloff relief on his Post Conviction Motion (Filing No. 7-2, Attach. 2, at CM/ECF p. 2).  Biloff filed his Petition in this Court on January 20, 2011 (Filing No. 1).  Thus, an additional 274 days passed between the conclusion of Biloff's post-conviction appeal and the filing of the Petition in this court.  Together, a total of 1065 days, or nearly three years, elapsed between the conclusion of direct review and the filing of the Petition.  In light of this, the Court finds that Biloff's Petition was not timely filed.

**B.   Equitable Tolling**

The Eighth Circuit has held that equitable tolling may be applied to the AEDPA statute of limitations.  *See, e.g.*, *Riddle v. Kemna*, 523 F.3d at 857.  "Generally, a litigant seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way."  *Id.* (quoting *Walker v. Norris*, 436 F.3d 1026, 1032 (8th Cir. 2006)).  However, "[e]quitable tolling is 'an exceedingly narrow window of relief.'"  *Id.* (quoting *Jihad v. Hvass*, 267 F.3d 808, 805 (8th

Cir. 2001)).  Stated another way, "[a]ny invocation of equity to relieve the strict application of a statute of limitations must be guarded and infrequent, lest circumstances of individualized hardship supplant the rules of clearly drafted statutes." *Flanders v. Graves*, 299 F.3d 974, 976 (8th Cir. 2002) (quotation omitted).

Liberally construed, Biloff asserts that his trial counsel "never made [him] aware of the availability of either state postconviction remedies or federal Habeas Corpus relief," so he was "unaware of any time constraints" relating to those actions (Filing No. 9 at CM/ECF p. 1).  However, ineffective assistance of counsel does not ordinarily warrant equitable tolling.  *Walker v. Norris*, 436 F.3d 1026, 1033 (8th Cir. 2006). Further, equitable tolling is not appropriate simply because the petitioner has a "lack of legal knowledge or legal resources." *Kreutzer v. Bowersox*, 231 F.3d 460, 463 (8th Cir. 2000).  There is nothing in the record showing that Biloff pursued his rights diligently, nor does it appear that any extraordinary circumstance stood in Biloff's way of timely filing his Petition. The Court finds that equitable tolling does not apply and Biloff's Petition is barred by the limitations period set forth

in 28 U.S.C. § 2244(d)(1)(A).   A separate order will be entered in accordance with this Memorandum Opinion.

DATED this 26th day of September, 2011.

BY THE COURT:

/s/ Lyle E. Strom

LYLE E. STROM, Senior Judge
United States District Court

---

*This opinion may contain hyperlinks to other documents or Web sites.   The U.S. District Court for the District of Nebraska does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites.   Likewise, the Court has no agreements with any of these third parties or their Web sites.   The Court accepts no responsibility for the availability or functionality of any hyperlink.   Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the Court.